J. PAUL MOORHEAD (SBN 240029)
pmoorhead@bushgottlieb.com
ADRIAN R. BUTLER (SBN 332191)
abutler@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES PENSIONERS AND SURVIVING SPOUSES HEALTH FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES RETIREMENT TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES VACATION AND HOLIDAY TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES CHRISTMAS BONUS FUND; TRUSTEES OF THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND; and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CIRCULATING AIR, INC., a California corporation<br><br>　　　　Defendant. | **Case No. 2:23-CV-8624**<br><br>**COMPLAINT FOR:**<br><br>1. BREACH OF COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND VIOLATION OF ERISA.<br><br>2. BREACH OF CONTRACT. |

914544v1 11157-31026                                                                                 COMPLAINT

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprentice and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (collectively the "Trustees"), complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the plaintiffs' trust funds are administered, in which the relevant acts took place, and in which monies are due and payable.

4.     To the extent this complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## **PARTIES**

5.     Plaintiffs are the Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Southern California Pipe Trades Retirement Trust Fund, Southern California Pipe Trades Defined Contribution Trust Fund, Southern California Pipe Trades Vacation and Holiday Trust Fund, Southern California Pipe Trades Christmas Bonus Fund, Apprentice and Journeyman Training Trust Fund (collectively the "Local Trusts"), Plumbers and Pipefitters National Pension Fund (the "National Trust"), and the International Training Fund (the "International Trust"). Collectively, the Local Trusts, National Trust and International Trust are referred to collectively as the "Trusts." The Trusts are express trusts created pursuant to written agreements and declarations of trust (the "Trust Agreements") between the Southern California Pipe Trades District Council No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("District Council 16") and various employer associations in the plumbing and pipefitting industry in Southern California, or between District Council 16, and other councils of the United Association of Plumbers and Pipefitters, and various employer associations across the United States. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6.     The Trustees are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7.     At all times material herein defendant Circulating Air, Inc. ("Circulating Air") has been a corporation organized under the laws of California, with a principal place of business located in Los Angeles County, California.

///

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

8. Circulating Air is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## EXECUTION OF BARGAINING AGREEMENTS

9. At all material times herein, Circulating Air has been a member of the Airconditioning, Refrigeration and Mechanical Contractors Association of Southern California ("ARCA/MCA"), a multiemployer association. As an ARCA/MCA member, Circulating Air authorized ARCA/MCA to act as it agent for the purpose of collective bargaining with District Council 16 and its representative local unions. Through this authorization, Circulating Air is bound by the terms and conditions of the (A) Southern California Airconditioning and Refrigeration Service Master Labor Agreement between ARCA/MCA and District Council 16, and (B) Master Agreement for the Plumbing and Piping Industry of Southern California between ARCA/MCA and District Council 16 (collectively the "Master Agreements").

10. The Master Agreements incorporate by reference the Trust Agreements. At all times material herein, Circulating Air has been bound to the Trust Agreements.

## FIRST CAUSE OF ACTION

## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND VIOLATION OF ERISA

11. The Trustees incorporate by this reference paragraphs 1 through 10 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

12. By the terms and provisions of the Master Agreements and/or Trust Agreements, and at all times material herein, Circulating Air agreed, and was obligated to the following:

    A. Prepare and submit true, complete and accurate written monthly contribution reports ("Reports") to the Trusts on a timely basis showing: (i) the identities of employees performing work covered by the Master Agreements on which

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

fringe benefit contributions are owed; (ii) the number of hours worked by these employees; (iii) the rates of pay; (iv) the character of hours worked (e.g., straight time, over-time, etc.); and (v) based upon the hours worked by employees, the proper calculation of contributions, benefits and/or withholdings attributable to the same employees. Such monthly contribution reports are due on the 10th day of each successive month;

   B. Pay to the Trusts contributions and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by the Trusts by the 15th of the month succeeding the month in which the work was performed. These amounts are due and payable at the Trusts' administrative offices in Los Angeles, California; and

   C. Permit the Trustees and their agents to conduct audits of payroll and related records in order to determine if contributions have been properly paid pursuant to the Master Agreements, and/or Trust Agreements.

  13. Circulating Air is an "employer," "contractor," and/or "subcontractor" as those terms are understood in the Master Agreements and/or Trust Agreements.

  14. Circulating Air is an "employer" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

  15. Section 515 of ERISA [29 U.S.C. § 1145], provides that "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Pursuant to section 515 of ERISA [29 U.S.C. § 1145], Circulating Air is obligated to make contributions to the Trusts.

  16. Sections 429 of ERISA [29 U.S.C. § 1059], provides that "every employer shall … maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." Pursuant to section 429 of ERISA [29 U.S.C. § 1059], Circulating Air is obligated to maintain records

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
914544v1 11157-31026
COMPLAINT

sufficient to allow the Trustees to determine the contributions owed by Circulating Air to the Trusts, and the benefits due to the employees of Circulating Air.

17.  Plaintiffs are informed and believe and thereon allege that during the four-year period prior to the filing of this Complaint, Circulating Air performed a substantial amount of work covered by the Master Agreements, but that Circulating Air failed to report or pay fringe benefit contributions to Plaintiffs based on this work. Circulating Air's failure to report and pay fringe benefit contributions to Plaintiffs is a breach of the Master Agreements and Trust Agreements, and is a violation of section 515 of ERISA [29 U.S.C. § 1145]. The full extent of fringe benefit contributions owed by Circulating Air is presently unknown to Plaintiffs, but this amount will be established by proof.

18.  Plaintiffs are informed and believe and thereon allege that at all times material herein, Circulating Air has been "delinquent," as that term is used in the Master Agreements and/or related Trust Agreements.

19.  Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, this Court shall award the plan: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20% of the unpaid contributions; (D) reasonable attorneys' fees and costs; and (E) such other legal or equitable relief as this Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the plan.

20.  Pursuant to the Master Agreements, Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Circulating Air is obligated to pay to the Trusts liquidated damages for the detriment caused by Circulating Air's failure to pay contributions in a timely manner. Pursuant to the written Joint Collection Policy and Procedures ("Joint Collection Policy") promulgated by the Trustees pursuant to the authority granted to them by the Master Agreements and Trust

Agreements, those liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the unpaid contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late contributions. The amount of liquidated damages owed by Circulating Air will be established by proof.

21. Pursuant to the Master Agreements, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Circulating Air owes the Trusts interest at 18% per annum on all unpaid or untimely contributions from the dates the sums were originally due or should have been paid to the Trusts, until actually paid. The amount of interest owed by Circulating Air will be established by proof.

22. The Trustees are informed and believe, and thereon allege, that Circulating Air owes, but has failed to pay to the Trusts additional contributions and other amounts in breach of the Master Agreements and/or Trust Agreements, and in violation of section 515 of ERISA [29 U.S.C. § 1145], in amounts not presently known to the Trustees, but these additional amounts will be established by proof.

23. By the Master Agreements, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], Circulating Air agreed that in the event of any delinquency, it would pay all legal and auditing fees and costs in connection therewith, whether incurred before or after litigation is commenced. The Trusts have incurred legal and auditing fees and costs as a result of Circulating Air's failure to pay contributions to the Trusts. The exact amount of the legal and auditing fees and costs due and payable has not been ascertained at this time. These amounts shall be established by proof.

24. By the Master Agreements and Trust Agreements, Circulating Air agreed in the event it failed to pay contributions or otherwise comply with the terms and provisions of those agreements, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts. The Trustees are informed and believe,

and thereon allege, that the Trusts are entitled to such good faith deposit and delivery of monies or bond from Circulating Air. The amount of the good faith deposit or bond will be established by proof at trial.

25. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Trustees' judgment, the Trustees shall also request the Court to:

A. Order Circulating Air, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any contributions;

B. Order Circulating Air to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts, in an amount determined by the Court to be appropriate;

C. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trusts; and

D. Order Circulating Air to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## SECOND CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

26. The Trustees incorporate by this reference paragraphs 1 through 25 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

27. The Trustees are informed and believe, and thereon allege, that amounts due as union dues and association fees and related amounts (excluding employer and employee contributions) are not subject to the requirements under ERISA.

28. The Master Agreements and Joint Collection Policy require Circulating Air to pay to the Trustees, for the benefit of District Council 16, its affiliated local unions, the Piping Industry Progress Education & Trust Fund ("PIPE"), the Labor

Management Compliance Council ("LMCC"), and ARCA/MCA certain amounts for each hour worked by Circulating Air's employees performing work covered by the Master Agreements. The Trustees are the assignee of District Council 16, its affiliated local unions, PIPE, LMCC, and ARCA/MCA for collecting said hourly contributions. Circulating Air has failed to pay amounts due under the Master Agreements to the Trustees for the benefit of District Council 16, its affiliated local unions, PIPE, LMCC and ARCA/MCA, which amounts shall be established by proof.

29. Pursuant to the Master Agreements and Joint Collection Policy, Circulating Air is obligated to pay to the Trusts liquidated damages on all unpaid or delinquent contributions (including those amounts due to District Council 16, its affiliated local unions, PIPE, LMCC and ARCA/MCA). Pursuant to the Joint Collection Policy liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or untimely amounts. The amount of liquidated damages owed by Circulating Air will be established by proof.

30. Pursuant to the Master Agreements and the Joint Collection Policy, Circulating Air owes the Trusts interest at 18% per annum on all unpaid or delinquent contributions (including those amounts due to District Council 16, its affiliated local unions, PIPE, LMCC and ARCA/MCA) from the dates the sums were originally due or should have been paid to the Trusts until paid. The amount of interest owed by Circulating Air will be established by proof.

## **PRAYER**

WHEREFORE, the Trustees pray for judgment as follows:

1. For unpaid contributions and other damages for breach of contract as established by proof;

2. For liquidated damages as established by proof;

///

3. For interest at the rate of 18% per annum, or other applicable legal rate, on all contributions due from their respective due dates, or the dates said contributions should have been paid, until paid, plus additional amounts as established by proof;

4. For special damages in amounts as proved;

5. For the Trustees' audit costs, plus additional amounts as established by proof;

6. For the Trustees' reasonable attorneys' fees in amounts as proved;

7. For costs of suit incurred herein; and

8. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

A. An Order directing Circulating Air, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B. An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trusts; and

C. An Order directing Circulating Air, its representatives, agents and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

Dated:  October 12, 2023        BUSH GOTTLIEB, A Law Corporation

By: *(signature)*
J. Paul Moorhead
Adrian R. Butler
Attorneys for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.

**WAIVER OF JURY TRIAL**

Plaintiffs waive a jury trial in this action.

Dated: October 12, 2023         BUSH GOTTLIEB, A Law Corporation

By: _____
        J. Paul Moorhead
        Adrian R. Butler
Attorneys for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.